Michael E. Piston
Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TENGFEI LONG

       Plaintiff

       Against

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,


       Defendant

Case No.:


COMPLAINT

## DESCRIPTION OF ACTION

1. This is an action brought by Tengfei Long against the United States Citizenship And Immigration Services (USCIS) to compel a decision on an unreasonably delayed request for immigration benefts.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5

COMPLAINT - 1

U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3.  Tengfei Long is a citizen and national of China, lawfully residing in Oakland County, Michigan. His A number is 219626468.

4.  USCIS is an agency of the United States, within the Department of Homeland Security, to which the authority to for adjusting the status of noncitizens in the United States to permanent resident has been delegated. It resides in the District of Columbia and the state of Maryland.

## BRIEF STATEMENT OF RELEVANT FACTS

5.  On October 2, 2020, Tengfei Long filed a Form I-485, Application for Adjustment of Status, to adjust his U.S. immigration status to alien lawfully admitted for permanent residence (permanent resident) as the derivative of his wife's employment based application. His application was assigned File No. MSC2190137616 and his USCIS A number is 219626468.

6.  Although his wife's application has been approved, Mr. Long's continues to be pending with the USCIS's Detroit Field Office.

7.  On Febrauar 4, 2022, USCIS sent Tengfei Longa request for certain evidence pertaining to his application to which he promptly respoded.

8.  Since that time despite, repeated requests, Tengfei Long has received no further information pertaining to his application save that the USCIS is still working on it.

COMPLAINT - 2

9.  This delay has adversely affected Mr. Long's welfare as well as his health.

10. First, given that USCIS also denied his application for advance parole, he has suffered an inability to travel interntionally.

11. This has adversely affected his welfare because since he has been able to visit his father and any of my close relatives (20+ in total) for almost 7 years.

12. Since Mr. Long was last able to visit China, has father has develped serious diabetes, went through a brain tumor surgery and had a severe fractured right arm(which will only have half of the original strength for the rest of his life).

13. As his father's only son, Mr. Long wasn't able to stay by his side for any of these difficult times.

14. Mr. Long's father just had his 60th birthday 6 months ago and again, Mr. Long wasn't able to spend it with him.

15. Mr. Long's father applied for a B2 visa in 2016 and his application was stuck in administrative processing for over a year before beig withdrawn, so he can't visit Mr. Long in the US either.

16. While his  mother does have a B2 visa, she's not able to travel much as she needs to look after Mr.Long's father.

17.  This separation from his family in general, and particularly his inability to assist, or even comfort his father by visiting in his time of need, substantially impacts upon Mr. Long's personal welfare.

18. In fact, the delay in this case even adversely affects Mr. Long's health, as well as that of his wife.

COMPLAINT - 3

19. The stress caused by the situation has negatively impacted Mr. Long's life.

20. There have been many times that Mr. Long felt that he needed professional help to deal with the mental stress of waiting for a decision on his application.

21. In fact, he hasn't been able to have a single good night's sleep i the past year.

22. Every day, before going to bed and right after waking up, the concern of his application has always been the last and first thing on Mr. Long's mind.

## CAUSE OF ACTION

23.   The government owes a non-discretionary duty to applicants for adjustment to act upon their application in a reasonable time. 5 U.S.C. § 555(b).

24.   It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b).

25.   Even a non-binding deadline may still be an "indication of the speed with which" Congress 'expects the agency to proceed.' Hulli, 549 F. Supp. 3d at 101 (quoting In re United Mine Workers, 190 F.3d at 549)." Ramirez v. Blinken, 594 F. Supp. 3d 76, 94 (D.D.C. 2022).

26.   The over three years which it has taken the USCIS to process Mr. Long's application for adjustment of status is unreasonable and well beyond the 180 days that it is the sense of Congress that such application should be completed in.

27.   In determining that the delay has been sufficiently egregious to warrant the remedy of mandamus, courts usually consider the six-factor standard—the so-

called "*TRAC* factors"—established in *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 79-80, 242 U.S. App. D.C. 222 (D.C. Cir. 1984). Those factors are as follows:

> the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80 (citations and internal quotation marks omitted)

28.  Here the rule of reason has been provided by the USCIS, which has indicated that it 80% of employment based applications for adjustment of status are completed in 22.5 months at its Detroit Field Office.

29.  Since over 3 yers have passed since his application has been filed, the most important factor, the rule of reason, tips sharply in favor of Mr. Long

30.  The remaining factors either also tip sharply in favor of Mr. Log, or, at worst, are neutral.

31.  Factor (2): Congress has provided an indication of the speed with which it expects the agency to proceed in the enabling statute, to wit, 8 U.S.C. § 1571(b), providing that the processing of an immigration benefit

application should be completed not later than 180 days after the initial filing of the application.

32. Inasmuch as nearly 3 years have passed since the filing of his application for adjustment of status, this factor tips sharply in Mr. Long's favor.

33. Factor (3): Mr. Long's health and welfar is very much at stake here for the reasons stated above.

34. Factor (4): there does not appear to be any agency activities of a higher or competing priority which adjudicating Mr. Long's application would affect. Therefore, this factor is neutral.

35. Factor (5) tips sharply in favor of Mr. Long. The interest which is prejudiced by delay is not merely economic but goes to Mr. Long's health and welfare as discussed above.

36. Finally Factor (6) is neutral.

37. Inasmuch as 4 of the TRAC factors, including the most important one, tip sharply towards Mr. Long, while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted.

38. This Court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

39. Further, this Court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

COMPLAINT - 6

# RELIEF REQUESTED

Wherefore it is respectfully requested that the Court compel defendant USCIS to issue or refuse Tengfei Long's applicatio for adjustment of status forthwith.

Respectfully submitted October 9, 2023.

/s/ *Michael E. Piston*

Michael E. Piston (P34568)
Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

COMPLAINT - 7